**JEFFREY K. STARNES**
**PAULETTE L. STEWART**
Assistant U.S. Attorneys
U.S. Attorney's Office
119 1st Ave. North, Suite 300
Great Falls, MT 59403
Phone: (406) 771-2022
FAX: (406) 453-9973
Email: jeff.starnes@usdoj.gov
        paulette.stewart@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTIN LOUISE MITCHELL, *aka Kristin Louise Short*,<br><br>Defendant. | CR 25-34-GF-BMM-01<br><br><br>BRIEF IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE MATERIAL WITNESSES |

In accordance with Fed. R. Crim P. 15(a), the United States moves the Court to order the deposition of three alien-witnesses in this case: Carlos Ponce-Lopez, Porfirio Suarez, and Kledyber Dias-Rivas. The United States respectfully submits this brief in support of said motion.

1

## BACKGROUND

On April 2, 2025, the Grand Jury in Montana returned a four-count indictment against four defendants in this case. Defendant Kristin Mitchell was charged by indictment with one count of attempted harboring of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). (Doc. 17). It is alleged that Mitchell attempted to harbor the three co-defendants in this case. In the same indictment, defendant Carlos Ponce-Lopez was charged with one count of reentry of removed alien, in violation of 8 U.S.C. §§ 1326 and 1329. Defendants Porfirio Suarez and Kledyber Diaz-Rivas were each charged with one count of improper entry by alien, in violation of 8 U.S.C. §§ 1325(a)(1) and 1329.

Carlos Ponce-Lopez was arraigned on count 2 of the indictment on April 7, 2025. (Doc. 27). That same day, he signed a plea agreement with the United States and filed motion indicating his intent to plead guilty. *See* (Docs. 26, 32). His change of plea hearing is presently scheduled to take place on April 22, 2025. *See* (Doc. 33).

Porfirio Suarez was arraigned on count 3 of the indictment on April 7, 2025. *See* (Doc. 29). Kledyber Diaz-Rivas has not been arraigned.

On April 9, 2025, the United States filed a motion to dismiss counts 3 and 4 of the indictment after determining it lacked venue to pursue criminal immigration charges against defendants Suarez and Dias-Rivas in Montana. *See* (Doc. 36). The Court granted the motion the same day. *See* (Doc. 37). Thereafter, the

2

United States moved for, and the Court issued, warrants to detain Suarez and Diaz-Rivas as material witnesses in the case against Mitchell.  *See* (Docs. 38, 39, and 41).

The United States now seeks to depose Suarez and Dias-Rivas as material witnesses in this case in order to afford Mitchell her right to cross-examine any witness against her while balancing the material witness's rights to minimize their remaining time in the custody of the United States now that their criminal charges have been dismissed.  For his part, Ponce-Lopez has indicated he will consent to participating in a deposition in the case against Mitchell with an eye towards expediting his own criminal proceedings.  It is anticipated that once his deposition and change of plea proceedings are completed, the parties will move the court to expedite his sentencing.

The United States has arranged for the videotaped depositions of Ponce-Lopez, Suarez, and Dias-Rivas to take place on April 18, 2025, at the Missouri River Federal Courthouse in Great Falls.  The United States is arranging for a court-certified Spanish-language interpreter, as well as a court reporter to take the testimony of the three alien-witnesses in this case.  Counsel for defendant Mitchell and counsel for the Ponce-Lopez, Suarez, and Diaz-Rivas have been notified of the United States's intent to take these depositions.  All involved parties can accommodate the below schedule:

- April 18, 2025, at 9:00 am – Deposition of Kledyber Diaz Rivas, represented by Attorney Sam Aarab

- April 18, 2025, at 11:00 am – Deposition of Porfirio Suarez, represented Attorney Jenny Kaleczyc

- April 18, 2025, at 1:00 pm – Deposition of Carlos Ponce-Lopez, represented by Attorney Nathan Ellis

## LAW AND ARGUMENT

Federal Rule of Criminal Procedure 15(a)(1) allows for a court-ordered deposition of a witness "because of exceptional circumstances and in the interest of justice." [1]   Meanwhile, 18 U.S.C. § 3144 authorizes the deposition and release of a material witness, as opposed to continued detention pending trial:

> No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice.   Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

Where a defendant faces the charge at issue in this case—attempted harboring of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), § 1324(d) authorizes the use of a videotaped deposition at trial if the witness is unable to testify due to

---

[1] Fed. R. Crim. P. 15(a)(2) specifically authorizes a witness detained as a material witness to request to be deposed.   Where the government is instead the moving party, Rule 15(a)(1) provides the controlling legal standard, although the same basic considerations are at play.   *See United States v. Matus-Zayas*, 655 F.3d 1092, 1104 (9th Cir. 2011).

4

deportation and "was available for cross examination and the deposition otherwise complies with the Federal Rules of Evidence."

In this case, the Ponce-Lopez, Suarez, and Diaz-Rivas each have important testimony to offer at trial. In fact, they are the aliens whom defendant Mitchell is charged with attempting to harbor. Because each of these witnesses is unlawfully in the United States, each faces removal from the United States upon release. There is, therefore, a strong probability that their release would render them unavailable for trial. Yet, the United States does not wish to detain these witnesses longer than necessary. In other words, this case presents the exact conundrum addressed by 18 U.S.C. § 3144 and 8 U.S.C. § 1324(d). The solution established in those statutes is deposing the alien-witnesses and then admitting their deposition testimony at trial if the terms of 8 U.S.C. § 1324(d) are otherwise met at that time.

Under Rule 15(a)(1), the Court should permit videotaped depositions because of this "exceptional circumstance," namely that these statutes establish pre-release depositions as the solution to preserve material testimony while not unduly burdening material witnesses. Put another way, the "exceptional circumstance" is that the material witnesses can only be released under 18 U.S.C. § 3144 by being deposed first. *See United States v. Lai Fa Chen*, 214 F.R.D. 578, 579 (N.D.Cal. 2003) (finding "exceptional circumstance" under Rule 15(a) because "an order compelling depositions is a procedural predicate for the detained

material witnesses to seek their release"). For the same reason, depositions are in the interest of justice. *See id.* ("[B]ecause the future status of the detained material witnesses is uncertain, an order providing a mechanism to secure their testimony is appropriate and 'in the interest of justice' under Rule 15(a)(1).").

## Conclusion

Thus, for the foregoing reasons, the United States respectfully requests that the Court order depositions of the material witnesses consistent with the proposed order submitted with this motion.

DATED this 11th day of April 2025.

        KURT G. ALME
        United States Attorney

        */s/ Jeffrey K. Starnes*
        JEFFREY K. STARNES
        PAULETE L. STEWART
        Assistant U. S. Attorneys

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached brief contains 1065 words, excluding the caption and certificate of compliance.

        KURT G. ALME
        United States Attorney

        */s/ Jeffrey K. Starnes*
        Assistant U. S. Attorney
        Attorney for Plaintiff