IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>KRISTIN LOUISE MITCHELL,<br><br>Defendant. | Case No. CR-25-34-GF-BMM-1<br><br>ORDER |

This case was originally set for trial on June 17, 2025. (Doc. 50.) To accommodate the Court's trial calendar, the Court reset the trial for July 7, 2025. (Doc. 69.) The Court held a status conference on June 10, 2025, upon motion of the Government. During the status conference, the Court inquired if the Defendant, Kristin Mitchell (Mitchell) was interested in signing a speedy trial waiver. Defendant would not consent to signing a speedy trial waiver. Mitchell did request a speedy trial. AUSA Jeff Starnes advised they will need time to find interpreters. The Court advised that an order excluding dates to accommodate speedy trial would be issued, and that the trial would be reset for July 8, 2025. (Doc. 75.) A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the

defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A)(B).

The Court must balance four factors in evaluating speedy trial claims: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Government charged Mitchell by Indictment on April 2, 2025. (Doc. 16.)

The Government alleges that Mitchell committed the crime of Attempted Harboring of Illegal Aliens, in violation of Title 18 U.S.C. § 1324(a)(1)(A)(iii). Mitchell has not identified any potential witnesses who would not be available for trial at a later date. At this stage, the ends of justice served by a continuance outweighs the interests of Mitchell and the public in a speedy trial.

A continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A), (B)(i) and (B)(ii). The ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial. The failure to grant a continuance would deny Mitchell and his counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice. Accordingly,

**IT IS HEREBY ORDERED** that the final pretrial conference and jury trial set for July 7, 2025, are **VACATED**.

The following schedule shall apply. The final pretrial conference is

rescheduled for **Tuesday, July 8, 2025 at 8:30 a.m.** The parties are to report to the chambers of the undersigned. The jury trial is rescheduled for **Tuesday, July 8, 2025 at 9:00 a.m.** in the Charles N. Pray Courtroom at the Missouri River Federal Courthouse, Great Falls, Montana. The plea agreement/notice of intent to proceed to trial deadline is **June 24, 2025.** Expert reports are due on or before **June 26, 2025.** The JERS disc, Jury Instructions and Trial Briefs are due by **July 1, 2025. All time between the date of this order and July 8, 2025, shall be excluded for purposes of speedy trial**.

    DATED this 11th day of June, 2025.

_____
Brian Morris, Chief District Judge
United States District Courts